UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RANELL JOSEPH (#614546)**          **CIVIL ACTION NO.**

**VERSUS**          **21-381-JWD-SDJ**

**WARDEN**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 9, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RANELL JOSEPH (#614546)**    **CIVIL ACTION NO.**

**VERSUS**    **21-381-JWD-SDJ**

**WARDEN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Ranell Joseph.[1] Therein, Petitioner asserts he was denied the Sixth Amendment right to effective assistance of counsel and the Fourteenth Amendment Due Process Clause right "against being tried and convicted while incompetent."[2] The State filed an Answer, urging Petitioner's habeas claims are procedurally barred.[3] More specifically, the State urges in its opposition memorandum that Petitioner failed to file his application for habeas corpus within the one-year period of limitation provided by 28 U.S.C. § 2244.[4] Because the Petition is untimely, dismissal with prejudice is recommended.

**I. PROCEDURAL HISTORY**

In March 2012, Petitioner was charged by bill of information with one count of purse snatching, in violation of La. R.S. 14:65.1, and one count of aggravated flight from an officer, in violation of La. R.S. 14:108.1(C).[5] On August 8, 2013, pursuant to the terms of a plea agreement,

---

[1] R. Doc. 1, pp. 1-10.
[2] R. Doc. 1, p. 3. In support of his contention, Petitioner urged, these constitutional deprivations resulted from "his counsel's failure to investigate and present available mental health treatment records which could have supported a defense of insanity at the time of the crime's commission, and [counsel's] failure to present Petitioner's mental illness as a mitigating circumstance in sentencing." *Id*.
[3] R. Doc. 9, p. 3.
[4] R. Doc. 10, p. 3. Alternatively, the State urges that Petitioner's claim was not considered by the Louisiana State Supreme Court on collateral review, because his claim was filed untimely, and thus his claim is procedurally defaulted. R. Doc. 10, p. 5-6.
[5] R. Doc. 6-5, p. 31.

the State of Louisiana amended the purse snatching charge to simple robbery in violation of La. R.S. 14:65 and dismissed the second count charging Petitioner with aggravated flight from an officer.[6] On that same day, Petitioner pleaded guilty to the charge of simple robbery.[7] On November 10, 2016, Petitioner was sentenced to seven years at hard labor to run consecutive to any other time he was then serving.[8] On November 28, 2016, Petitioner filed a motion to reconsider his sentence with the district court.[9] By order dated December 14, 2016, the district court denied Petitioner's motion.[10] Petitioner did not file a direct appeal.[11] He filed an application for post-conviction relief in state court on November 27, 2018.[12] On December 3, 2019, the district court dismissed Petitioner's application for post-conviction relief pursuant to La. Code Crim. P. art. 926.[13] Petitioner then filed an application for supervisory review with the Louisiana Court of Appeal for the First Circuit,[14] which denied the application on August 3, 2020.[15] On March 9, 2021, Petitioner's writ application filed with the Louisiana Supreme Court[16] was denied as

---

[6] R. Doc. 6-4, pp. 4 and 25; R. Doc. 6-5, p, 33.
[7] R. Doc. 6-4, pp. 23-30.
[8] R. Doc. 6-5, pp. 9-13. During sentencing, the judge noted that since November 2016 and the time of the sentencing hearing, Petitioner had pled guilty to an armed robbery charge in an unrelated criminal proceeding, for which he was then serving a twenty-five year sentence. *Id* at p. 12.
[9] R. Doc. 6-5, pp. 19-21. Louisiana Code of Criminal Procedure article 881.1(A)(1) provides, "In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence."
[10] R. Doc. 6-5, p. 17.
[11] R. Doc. 6-6, p. 34, R. Doc. 6-7, p. 1. The record of the state court proceedings submitted to this Court contains no documentation that Petitioner filed a direct appeal challenging his conviction or sentence. Likewise, a Westlaw search did not yield any information to support a conclusion that Petitioner had filed an appeal.
[12] R. Doc. 6-6, p. 34 and R. Doc. 6-7, p. 1. Although Petitioner signed and dated his application as November 21, 2018, his affidavit was not executed until November 27, 2018. Federal habeas courts apply the "prison mailbox rule" when determining the filing date of a state court filing, and therefore such a document is considered "filed" when a *pro se* prisoner delivers it to the prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The date on which that occurred here is not apparent from the record. However, here the signature date of the application's accompanying affidavit is used as the filing date, in that the application could not have been placed in the prison mailing system prior the date on which the affidavit was signed. *Dee v. Cain*, No. 16-254, 2016 WL 1739070, at *1 n.5 (E.D. La. April 13, 2016), *report and recommendation adopted*, No. 16-254, 2016 WL 1705096 (E.D. La. Apr. 28, 2016).
[13] R. Doc. 6-6, p. 8.
[14] R. Doc. 7-1, pp. 10-14.
[15] R. Doc. 7-1, p. 9.
[16] R. Doc. 7-1, pp. 1-7.

untimely filed pursuant to La.S.Ct.R. X § 5.[17] Petitioner's application for reconsideration was likewise denied by the Louisiana Supreme Court.[18]

Petitioner filed the instant habeas petition on June 15, 2021, in the United States District Court, Eastern District.[19] The Eastern District transferred the case to this Court by order dated July 1, 2021.[20]

## II. Timeliness

The Court addresses first whether Joseph's Petition was timely filed. Pursuant to 28 U.S.C. § 2244(d)(1)(A), a one-year statutory limitations period applies to federal habeas corpus claims brought by prisoners in state custody. This period begins to run on the date the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.[21] The statute additionally provides that the time during which a "properly filed application" for state post-conviction or other collateral review is thereafter "pending" in the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitation period.[22] However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year limitations period.[23] A properly-filed state application, however, is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while

---

[17] R. Doc. 7-1, p. 21.
[18] *State v. Joseph*, 2021-00015 (La. 3/15/22), 333 So.3d 1245(Mem).
[19] R. Doc. 1, p. 7. Pursuant to the "prison mailbox rule," this Report uses the date the Petition was signed and dated as the date of filing, rather than the date the filing was received by the Louisiana Eastern District Court.
[20] R. Doc. 3, p. 1.
[21] 28 U.S.C. §2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 137, and 150 (2012).
[22] 28 U.S.C. § 2244(d)(2); *Herrington v. Kent*, No. 20-265, 2023 WL 5663224, at *2 (M.D. La. July 31, 2023); *report and recommendation adopted*, No. 20-265, 2023 WL 5663144, *1 (M.D. La. Aug. 30, 2023).
[23] *Id*.

3

the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration.[24]

Here, Petitioner was sentenced on November 10, 2016, and his timely filed motion to reconsider was denied by the district court on December 14, 2016.[25] Petitioner's conviction and sentence became final on January 13, 2017, thirty days after the denial of his motion to reconsider.[26] Petitioner then had one year from that date, or until January 13, 2018, to timely file his petition for writ of habeas corpus in federal court. Petitioner did not file his Petition until June 15, 2021. Additionally, since Petitioner's application for post-conviction relief was not filed until November 27, 2018, that filing did not toll the one-year limitation while it was pending in state court, as the one-year statutory limitation pursuant to 28 U.S.C. § 2244(d)(1)(a) had already expired. Thus, Petitioner's habeas application is untimely.

### III. TOLLING

This Court must dismiss Petitioner's untimely habeas application pursuant to 28 U.S.C. § 2244(d) unless he can establish entitlement to statutory or equitable tolling of the limitations period under 28 U.S.C. § 2244(d)(1)(B).[27] To establish statutory tolling, Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[28] Petitioner has made no such claim or showing in this case.

---

[24] *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).
[25] Louisiana Code of Criminal Procedure article 881.1(A)(1) provides, in relevant part, as follows: "In felony cases, within thirty days following the imposition of sentence …[,] the defendant may make or file a motion to reconsider sentence."
[26] Louisiana Code of Criminal Procedure article 914(B)(2) provides, in relevant part, as follows: "The motion for an appeal must be made no later than [t]hirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1 …."
[27] Petitioner also alleges there is a "state-created impediment" under 28 U.S.C. § 2244(d)(1)(C) and (D), but he advances no factual or legal argument to support this statement. R. Doc. 15, p. 3. Petitioner advances no newly recognized constitutional right or the discovery of new factual predicates to support his claim that he is entitled to tolling under these Subsections.
[28] *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

4

As to whether equitable tolling is warranted, courts are instructed to take a holistic approach – there is no bright line rule[29]– however, equitable tolling is only available "in rare and exceptional circumstances."[30] It is the petitioner's burden to demonstrate that equitable tolling is warranted, which generally requires a showing of the following two elements: (1) that the litigant has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[31]

Here, Petitioner only generally asserts he is entitled to equitable tolling. In support of his opposition to the State's answer, Petitioner attached two exhibits. Petitioner asserts these exhibits prove he "was repeatedly attempting to obtain his mental health records" and that these records support his claim that "he lacked the mental capacity to be tried for a felony conviction."[32] One exhibit is a December 11, 2018 letter from a law firm to Petitioner, which confirmed the law firm's representation of the owner of a medical counseling services company. The letter acknowledges that Petitioner was "provided counseling by [the company] between 2000 and 2002."[33] The letter further states that Petitioner's case had been transferred to another entity and that the medical counseling services company did not retain any of Petitioner's records.[34] The other exhibit is a Department of Public Safety and Corrections Offender Funds Withdrawal Request, indicating that Petitioner withdrew funds on February 23, 2018, to mail a letter to the owner of the medical counseling services company.

---

[29] *Diggs v. Vannoy*, 840 Fed. Appx. 779, 781 (5th Cir. 2021) ("Equitable tolling is discretionary, does not lend itself to bright-line rules, and turns on the facts and circumstances of a particular case." (internal quotations and citations omitted).
[30] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[31] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[32] R. Doc. 15, p. 3.
[33] R. Doc. 15, p. 5.
[34] *Id*.

5

Although mental illness may warrant equitable tolling, a petitioner must first make a threshold showing of incompetence and must show that his incompetence affected his ability to file a timely habeas petition.[35] Here, Petitioner has not proved he is incompetent, nor has he proved there is a causal connection between his alleged mental illness and his failure to file a timely federal habeas petition. Conclusory allegations regarding mental illness are insufficient to invoke equitable tolling.[36] In this instance, Petitioner has only established that he attempted to obtain documentation to support his claim. Moreover, in each instance, his efforts to obtain this documentation in February and December 2018 took place after the applicable one-year time limitations of 28 U.S.C. § 2244(d) had lapsed. As such, the circumstances of this case are not "extraordinary" such that equitably tolling can be applied.[37] The record reflects the Petitioner did not diligently pursue his rights, nor was he prevented from doing so in any extraordinary manner. Petitioner provides no explanation for why he waited until June 15, 2021, to file his habeas Petition, which was well over three years after the Petitioner's conviction and sentence had become final. Accordingly, Petitioner's application should be denied as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Should Joseph pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[38] Although Joseph has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[39] A certificate of appealability may issue only if a habeas petitioner has made a

---

[35] *Jones v. Stephens*, 541 Fed. Appx. 499, 505 (5th Cir. 2013).
[36] *See Smith v. Kelly*, 301 F. Appx. 375, 377 (5th Cir. 2008).
[37] *Ellis v. Kent*, No. 18-609, 2020 WL 1868771, at *3–4 (M.D. La. Mar. 30, 2020), *report and recommendation adopted*, No. 18-609, 2020 WL 1867949 (M.D. La. Apr. 14, 2020).
[38] 28 U.S.C. § 2253(c)(1)(A).
[39] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

substantial showing of the denial of a constitutional right.[40]  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[41]

In the instant case, reasonable jurists would not debate the denial of Joseph's application or the correctness of any procedural rulings. Accordingly, if Joseph seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## VI. RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 9, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[40] 28 U.S.C. § 2253(c)(2)
[41] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).